UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION    08-80654

CASE NO:    CIV-MARRA

MAGISTRATE JUDGE
JOHNSON

NEETA MAHANI

  Plaintiff,

v.

WAL-MART STORES, INC.,

  Defendant.

_____/

FILED BY _____ D.C.
JUN 16 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**DEFENDANT, WAL-MART STORE, INC.'S**
**NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW**

  Defendant, WAL-MART STORES, INC. "(Wal-Mart"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1441[1] and 1446[2], presents this Notice of Removal the above captioned cause from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, ("Circuit Court") where the same is now pending under Case No. 50 2008 CA 015097XXXXMB, and states as follows:

---

[1] 28 U.S.C.A. § 1441 (b) states [A]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

[2] 28 U.S.C.A. § 1446 (a) states [A] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

1. On or about May 28, 2008 this action was filed against Wal-Mart in the 15th Judicial Circuit in and for Palm Beach County, Florida. Wal-Mart's first notice that the action had been filed and served was their receipt of service of the Complaint on or about May 30, 2008.

2. The territory assigned to the United States District Court for the Southern District of Florida under 28 U.S.C. § 89 (c) includes Palm Beach County, Florida.

3. A complete copy of the entire state court file is attached hereto as Exhibit "1." Such documents constitute all process, pleadings and orders served upon Defendants and/or contained in the Circuit Court file.

4. At all times material hereto, Wal-Mart was and remains a foreign corporation.

5. Plaintiff is a resident of the state of Florida.

6. The Plaintiff has filed a one (1) count Complaint alleging a cause of action for false imprisonment against Wal-Mart.

7. The general allegations upon which the Plaintiff purports to state valid causes of action are:

   A. On or about September 4, 2007 Plaintiff was shopping at a Wal-Mart store located in Palm Beach County, Florida with her two minor children. Plaintiff alleges that she paid for some of her items that were in her shopping cart with the intention of paying for the remaining items.
   B. Plaintiff alleges that before paying for the remaining items, she took her older minor child over to a video game "located in the narthex of the store, which was beyond the cash registers, but inside of the store."
   C. Plaintiff alleges she was stopped and detained by Wal-Mart security who ridiculed Plaintiff as to her nationality.

  D. Plaintiff alleges that she was thereafter handcuffed, arrested and taken to jail by a Palm Beach County Sheriff's Deputy who charged her with the crime of grand theft.

8. As the Complaint alleges damages in excess of $15,000.00, undersigned counsel has spoken with counsel for the Plaintiff who is seeking damages in an amount in excess of $75,000.00 plus interest and costs as required pursuant to 28 U.S.C. § 1332.

9. Plaintiff in this case is seeking damages as a result of her arrest and incarceration; past and future emotional and physical distress; embarrassment, shame, humiliation and damage to her reputation which a reasonable person can assume to be in excess of $75,000.00.

10. This Notice of Removal is being filed within thirty (30) days of notice of Plaintiff's initial pleading and within one (1) year of the date that the action was commenced. Therefore this Notice is timely filed pursuant to 28 U.S.C. § 1446.

11. Defendants have not previously attempted to remove this action.

## II. **MEMORANDUM OF LAW**

### A. **The United States District Court Has Jurisdiction Over This Matter**

A state court action may be removed to a United States District Court where such District Court has jurisdiction. *See* 28 U.S.C. § 1441. In this case, original jurisdiction exists under 28 U.S.C. § 1332, which provides that:

  (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between –

    \*  \*  \*

  (1) citizens of different states [.]

3

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
ONE EAST BROWARD BOULEVARD, SUITE 1400, FORT LAUDERDALE, FLORIDA 33301 ♦ TEL: (954) 523-7008

Thus, Defendants must establish two things to invoke the jurisdiction of this Court: 1) that the amount in controversy exceeds $75,000.00; and 2) that the action is between citizens of different states (i.e., complete diversity.)

Based on conversations with counsel for the Plaintiff, the amount in controversy in the instant case exceeds $75,000.00. It is equally clear that the Defendant is a citizen of a different State than the Plaintiff.

**B.  Defendants Have Complied with the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. § 1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal that contains:

> A short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

Such notice of removal must be filed within thirty (30) days after receipt of the initial pleading. Id.

The legal and factual basis on which removal is sought is specifically set forth above. Accordingly, the Defendant have complied with 28 U.S.C. § 1446, which requires that a short plain statement of the grounds for removal accompany any notice of removal.

As required by 28 U.S.C. § 1446(a), Defendants have attached true and legible copies of all process, pleadings and other papers that, to its knowledge, have been served upon Defendant and/or filed with the Circuit Court to date as Exhibit "1" to this Notice.

Additionally, pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of the filing of the Notice of Removal, along with copies of this Notice of

4

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
ONE EAST BROWARD BOULEVARD, SUITE 1400, FORT LAUDERDALE, FLORIDA 33301 ♦ TEL: (954) 523-7008

Removal and all attachments, to all adverse parties and with the Clerk of the Circuit Court of the 15th Judicial Circuit, in and for Palm Beach County, Florida.

### III. CONCLUSION

Defendant has satisfied the procedural requirements of 28 U.S.C. § 1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida governing removal from state court, and this Court has diversity jurisdiction over this matter. Accordingly, the Defendant submits that the removal of this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida to this Court is proper, and Defendants respectfully requests that this Court exercise its jurisdiction.

WHEREFORE, Defendant, Wal-Mart Stores, Inc. request that this action, pending in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted,

QUINTAIROS, PRIETO, WOOD & BOYER, P.A
*Attorneys for Defendants*
One East Broward Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: (954) 523-7008
Facsimile: (954) 523-7009

BY: _____
DAVID TARLOW, ESQ.
Florida Bar No. 893684

5

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
ONE EAST BROWARD BOULEVARD, SUITE 1400, FORT LAUDERDALE, FLORIDA 33301 ♦ TEL: (954) 523-7008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Mail this 16th day of June, 2008 to: VALENTIN RODRIGUEZ, VALENTIN RODRIGUEZ P.A., 601 N. Dixie Highway, Suite #C, West Palm Beach, FL. 33401.

David M. Tarlow

6

QUINTAIROS, PRIETO, WOOD & BOYER, P.A., ATTORNEYS AT LAW
ONE EAST BROWARD BOULEVARD, SUITE 1400, FORT LAUDERDALE, FLORIDA 33301 ♦ TEL: (954) 523-7008

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.

**NEETA MAHANI,**

    Plaintiff,

vs.

**WALMART STORES, INC.**

    Defendant.

_____/

50 2008 CA 015097XXXX MB

COPY RECEIVED FOR FILING AN

MAY 28 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT

Plaintiff, **NEETA MAHANI**, sues Defendant, **WALMART STORES, INC.**, and alleges:

### INTRODUCTION

1. Defendant Walmart Stores, Inc., through its agents, unlawfully detained and falsely imprisoned Plaintiff on September 4, 2007, on a false suspicion of committing a retail theft, without good cause.

### JURISDICTION

2. This is an action for damages exceeding $15,000.00.

3. Venue is proper in the Fifteenth Judicial Circuit as all material acts occurred in Palm Beach County, Florida.

### PARTIES

4. Plaintiff, NEETA MAHANI, ("Plaintiff") is an adult resident of Palm Beach County, Florida, and was a customer of the Defendant at all material times.

5. Defendant, WALMART STORES, INC. is a corporation doing business in

Florida, and which operates and owns the store where Plaintiff was detained.

## FACTS

6. Plaintiff entered the Walmart store located at 500 Belvedere Road, West Palm Beach, Florida, on or about September 4, 2007, to return various items, and to also purchase several items, for a trip to India. She was accompanied by her two minor children.

7. Because of long lines, Plaintiff could not initially return her items, and instead, proceeded to shop in the store, for at least one hour. All of Plaintiff's actions were captured on the store's surveillance cameras.

8. On that date, after paying for some of her items in the photo department (she was not allowed to pay for all of the items there), Plaintiff took her older minor son over to a video game, located inside the narthex of the store, which was beyond the cash registers, but inside the store. As she approached the video games, she was stopped by Walmart employees, and told that she had committed retail theft of items, such as diapers which were at the bottom of her cart.

9. Plaintiff explained that she had not left the store, and was simply attempting to let her restless son play a video game in the narthex of the store. Nevertheless, Plaintiff was detained by Walmart employees, was not free to leave, and was taken to an office, where she was questioned about the incident, and ridiculed about her nationality.

10. Glen Shoup, a security director, called the Palm Beach County Sheriff's Office, and directed that Plaintiff be arrested for grand theft.

11. Plaintiff explained the situation to agents of the Sheriff's Office, and offered to pay for the remaining items in her cart with her credit card. Nevertheless, Mr. Shoup

        directed that Plaintiff be arrested because of store policy.

12. At the direction of Walmart, Plaintiff was arrested, placed in handcuffs in front of her children and onlookers, booked into the Palm Beach County Jail, incarcerated overnight, and then prosecuted in Case No.2007MM021479AXXXMB (County Court of Palm Beach County, Florida). Plaintiff was found Not Guilty of the offense of retail theft, on March 31, 2008, after a trial where Mr. Shoup testified on behalf of Defendant.

13. At no time did Plaintiff engage in any illegal activity inside the Walmart store, or commit any crime justifying her detention by agents of Walmart.

14. As a result of the false imprisonment, false arrest, and resulting prosecution, Plaintiff incurred extensive attorneys' fees and costs, and the costs of having her criminal record sealed.

## COUNT I

### (False Imprisonment)

15. Plaintiff realleges and adopts by reference the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

16. On or about September 7, 2007, Plaintiff was unlawfully restrained against her will by Defendant and its agents at the store mentioned herein.

17. The detention was unreasonable and unwarranted under the circumstances.

18. As a result of the actions of Defendant and its agents, Plaintiff suffered damages including past, present, and future emotional and physical distress, embarrassment, humiliation, shame, damage to her good name and reputation, and attorneys' fees and costs associated with the criminal case and the record sealing, all of which exist to this day and will continue in the future.

**WHEREFORE,** Plaintiff demands a jury trial on all issues so triable, and demands a judgment against Defendant, for compensatory damages, costs of this action, and any other relief that this Court deems just.

Respectfully submitted,

/s/

Valentin Rodriguez, Esq.
VALENTIN RODRIGUEZ P.A.
601 N. Dixie Highway, Suite C
West Palm Beach, Florida 33401
Fla. Bar No. 047661
(561) 832-7510
(561) 514-0610 (facsimile)

Counsel for Plaintiff

c:\wp\civ\mahani\initial.com

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 50 2008 CA 015097XXXXMB

NEETA MAHANI

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.
_____/

## ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, WAL-MART STORES, INC. ("Wal-Mart"), by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

1. Denied.

2. Denied.

3. Denied.

4. Unknown, therefore denied.

5. Admit for jurisdictional purposes only.

6. Denied.

7. Unknown, therefore denied.

8. Admit that Plaintiff passed all registers without making an attempt to pay, otherwise denied.

9. Denied.

10. Unknown, therefore denied.

11. Admit that Plaintiff was arrested and that the victim of the crime was willing to prosecute.

12. Admit that Plaintiff was arrested and prosecuted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

## DEMAND FOR JURY TRIAL

Defendant, Wal-Mart, demands trial by jury.

## AFFIRMATIVE DEFENSES

For its first affirmative defense, Wal-Mart alleges that the injuries and damages complained of were caused by the sole negligence and/or intentional actions of the Plaintiff thereby barring the Plaintiff from any recovery herein.

For its second affirmative defense, Wal-Mart alleges that the injuries and damages complained of were as a result of the sole negligence of a third party who is not under the custody, direction or control of this defendant and that the Plaintiff, for that reason, is not entitled to recovery. Specifically, the Palm Beach Police Department and/or the Palm Beach County State's Attorney Office.

For its third affirmative defense, Wal-Mart alleges that the injuries and damages complained of were a direct result of intervening and unforeseeable causes breaking the chain of causation against Wal-Mart and, therefore, the Plaintiff is not entitled to recovery.

For its fourth affirmative defense, Wal-Mart alleges that at the time of the subject accident, the Plaintiff was negligent and such action on the part of the Plaintiff, was a competent

CASE NO.: 50 2008 CA 015097XXXXMB

producing cause of the injuries and damage which are claimed, and that the Plaintiff's award, if any, should be proportionately reduced based on the Doctrine of Comparative Negligence in relation to the Plaintiff's own contribution to the injuries and damages sustained.

For its fifth affirmative defense, Wal-Mart alleges that the Plaintiff has had the benefit of collateral source payments with reference to the incident alleged in the Complaint and, therefore, are prohibited by Florida Statute 768.76 from obtaining or claiming the same expenses in this action.

For its sixth affirmative defense, Wal-Mart would state that the Plaintiff's injuries or damages were caused by third persons beyond the control of this defendant and for whose negligence this Defendant is not responsible. As such, this Defendant requests that the negligence of these third persons be apportioned in accordance with Florida Statute 768.81.

For its seventh affirmative defense, Wal-Mart would state that there was probable cause for the detention of the Plaintiff.

For its eighth affirmative defense, Wal-Mart would state that there was probable cause for the arrest and prosecution of the Plaintiff.

For its ninth affirmative defense, Wal-Mart would state that in accordance with Florida Statutes § 812.015, Plaintiff admits in her pleadings that she bypassed Wal-Mart's antishoplifting or inventory control device which gave it probable cause to detain the Plaintiff for the crime of theft.

For its tenth affirmative defense, Wal-Mart would state it is immune from this civil lawsuit, as Wal-Mart complied with Florida Statutes § 812.015.

CASE NO.: 50 2008 CA 015097XXXXMB

WHEREFORE, Wal-Mart demands judgment in its favor plus trial by jury on all issues so triable as a matter of right by jury, plus the award of all court costs incurred in defending this claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and mailed this 6th day of May, 2008 to VALENTIN RODRIGUEZ, VALENTIN RODRIGUEZ P.A., 601 N. Dixie Highway, Suite #C, West Palm Beach, FL. 33401.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A
*Attorney for Defendant*
One East Broward Boulevard, Suite 1400
Fort Lauderdale, FL  33301
Telephone: (954) 523-7008
Facsimile: (954) 523-7009

BY: _____
DAVID M. TARLOW
Florida Bar No. 893684

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

**08-80654**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Neeta Mahani

## DEFENDANTS
Wal-Mart Stores, Inc.

**CIV-MARRA**

**(b)** County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Benton County, Arkansas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**MAGISTRATE JUDGE JOHNSON**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Valentin Rodriguez, Esq.
Valentin Rodriguez, P.A.
601 N. Dixie Highway, Suite C
West Palm Beach, FL 33403 (561) 832-7510

Attorneys (If Known)

David M. Tarlow, Esquire, Quintairos, Prieto, Wood & Boyer, P.A.
One East Broward Boulevard, Suite 1400, Fort Lauderdale, FL 33301

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☑ 4  Diversity (Indicate Citizenship of Parties in Item III)

9:08cv80654 KAM/LRJ

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**FILED BY ___ D.C.**
**JUN 16 2008**
**STEVEN M. LARIMORE**
**CLERK U.S. DIST. CT.**
**S.D. OF FLA. FT. LAUD**

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☑ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO
b) Related Cases ☐ YES ☐ NO
JUDGE _____  DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. Sections 1141 and 1146 False imprisonment

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ EXCESS OF $15,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE: June 16, 2008

**FOR OFFICE USE ONLY**
AMOUNT $350   RECEIPT # 543423   IFP