UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80654-CIV-MARRA/JOHNSON

NEETA MAHANI,

Plaintiff,

vs.

WAL-MART STORES, INC.,

Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Wal-Mart Stores Inc.'s ("Defendant" "Wal-Mart") Motion for Summary Judgment (DE 6); Plaintiff Neeta Mahani's ("Plaintiff" "Mahani") Petition for Remand (DE 12); Defendant Wal-Mart Stores Inc.'s Motion to Strike Declaration of Neeta Mahani in Opposition to Wal-Mart's Motion for Summary Judgment (DE 14); Defendant Wal-Mart Stores, Inc.'s Motion to Strike Amended Affidavit of Neeta Mahani in Opposition to Wal-Mart's Motion for Summary Judgment (DE 17). The Court has carefully considered the motions and is otherwise fully advised in the premises.

I. Motion for Remand

On June 16, 2008, Defendant filed its Notice of Removal and asserted that this Court possessed diversity jurisdiction over the instant matter. (DE 1.) With respect to the amount in controversy, the Notice of Removal stated the following:

> As the Complaint alleges damages in excess of $15,000.00, undersigned counsel has spoken with counsel for Plaintiff who is seeking damages in an amount in excess of $75,000.00 plus interest and costs as required pursuant to 28 U.S.C. § 1332.
>
> Plaintiff in this case is seeking damages as a result of her arrest and incarceration; past and future emotional and physical distress; embarrassment, shame, humiliation and damage to

reputation which a reasonable person can assume to be in excess of $75,000.00. (Notice of Removal ¶¶ 8-9.)

Plaintiff waited to file the Motion for Remand until April 10, 2009.[1] For the first time, Plaintiff controverts Defendant's statement that Plaintiff seeks in excess of $75,000.00 in damages. Specifically, Plaintiff's counsel states that "no such conversation took place about the amount of damages or removing the case to federal court. Nor did [Plaintiff's counsel] have consent from [ ] Plaintiff for such a declaration about damages, knowing that the case would be removed to federal court." (DE 12 at 1.) In addition, Plaintiff has filed an affidavit stating that she does not seek more than $75,000.00 in damages and wants the case remanded to state court. (Mahani Aff. ¶¶ 4-5, DE 15-2.)

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or by the Congress of the United States. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441; Burns, 31 F.3d at 1095. When a defendant removes a case but the exact amount of damages are unspecified, the removing party bears the burden of establishing the

---

[1] Along with the Petition for Remand, Plaintiff filed her response to the summary judgment motion.

2

jurisdictional amount by a "preponderance of the evidence." Lowery v. Alabama Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). In the Eleventh Circuit, a Court must "review the propriety of removal on the basis of the removing documents." Id. at 1211. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." Id.

When Defendant removed the instant case, it made a factual representation to the Court that Plaintiff's counsel informed Defendant's counsel that Plaintiff sought damages in excess of $75,000.00. Based on that representation, Defendant established subject-matter jurisdiction. Months later, Plaintiff now seeks to dispute that representation. Significantly, Plaintiff does not raise any type of legal challenge to subject-matter jurisdiction. Instead, her entire argument rests on a belated refutation of the factual assertion that the attorneys had a discussion about the amount of controversy. Plaintiff does not provide any reason for the nearly eight month delay in controverting Defendant's statement. While Plaintiff certainly could have challenged that factual assertion at the time of removal, Plaintiff cannot do so now in a blatant attempt to divest the Court of jurisdiction. See Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1289-91 (11th Cir. 2000), overruled on other grounds, Alvarez v. Uniroyal Tire Co., 508 F.3d 639 (11th Cir. 2007) (the proper inquiry is whether a court has jurisdiction at the time of removal and subsequent acts such as loss of the required amount in controversy does not affect jurisdiction); see also Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction"); Blanton v. Geist, No. 3:07-CV0980-WKW, 2009 WL 597192, at * 1 (M.D. Ala. Mar. 9, 2009) (post-removal change in the amount of damages sought does not divest court of

3

diversity jurisdiction). For the foregoing reasons, the Court denies Plaintiff's motion for remand.

## II. Motion for Summary Judgment

### A. Factual Background

The facts, as culled from exhibits, depositions, and reasonably inferred therefrom in a light most favorable to Plaintiff, for the purpose of the summary judgment motion, are as follows:

On or about September 4, 2007, Plaintiff went to a Wal-Mart store located at 500 Belvedere Road, West Palm Beach, Florida with her two young children. (Mahani Dep. at 16, Ex. A, DE 6-2.) At the time of entering the store, Plaintiff had in her possession several empty Wal-Mart plastic bags. (Mahani Dep. at 34-35.) Aside from the empty plastic Wal-Mart shopping bags, Plaintiff had merchandise, previously purchased at Wal-Mart that she wanted to return. (Mahani Dep. at 17.) There was a long line at the customer service desk to return her prior purchases. With the permission of an unidentified Wal-Mart employee, Plaintiff went to shop for other items and the employee informed Plaintiff that she would process the returns once Plaintiff had finished her shopping. (Mahani Dep. at 18-19; Mahani Aff. ¶ 7.)

Inside the store, Plaintiff placed approximately 50 unpaid items in her shopping cart and then placed the merchandise inside the Wal-Mart shopping bags. (Criminal Trial Transcript at 20-21, Ex. B, DE 6-3; Training Receipt, Ex. C, DE 6-4.) At a cash register located within the electronic department, Plaintiff paid for six items of merchandise but the clerk did not allow her to pay for the remaining 50 items of merchandise that had been placed in the Wal-Mart shopping bags. (Mahani Dep. at 24, 26; Mahani Aff. ¶ 8.) Plaintiff continued shopping, while her son kept asking her if he could play a video game located just before the exit doors to the store. (Mahani

4

Aff. ¶ 9.)

As Plaintiff walked towards the exit door and the video games, the anti-theft device sounded. (Mahani Dep. at 28; Mahani Aff. ¶ 10.) Plaintiff was then stopped by Wal-Mart management, who inspected her shopping cart and escorted her to the asset protection office.[2] (Mahani Dep. at 30-31.) The total value of the recovered merchandise was $404.56. (Training Receipt.) Plaintiff never saw any notification regarding the use of electronic theft detectors and did not believe that there was sufficient notice regarding the use of those devices in the store. (Mahani Aff. ¶ 14.)

An information was filed charging Plaintiff with retail theft pursuant to Florida Statutes §§ 812.015(1)(d) and 812.014(1). (Information, Ex. D, DE 6-5.) After a bench trial, Plaintiff was found not guilty. (Criminal Trial Transcript at 74-75.)

In moving for summary judgment, Wal-Mart argues that it had probable cause to detain Plaintiff and is therefore immune pursuant to Florida Statute § 812.015(3)(c) from civil liability for false imprisonment. In response, Plaintiff states that Defendant failed to comply with Florida Statute § 812.015(3)(c) due to the lack of sufficient notice to patrons that an anti-theft security device was in use. In evidentiary support, Plaintiff submits a declaration and an amended affidavit, which Defendant moves to strike.

B. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Defendant states that video surveillance confirmed that the unpaid merchandise had been concealed. The citation provided in support of this assertion, however, does not support it.

5

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not

6

suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

C. Discussion

Plaintiff has brought a one-count false imprisonment complaint against Defendant based on the alleged unlawful restraint by Wal-Mart of Plaintiff. The tort of false imprisonment is defined as "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." Escambia County School Board v. Bragg, 680 So.2d 571, 572 (Fla. Dist. Ct. App.1996) quoting Johnson v. Weiner, 19 So. 2d 699, 700 (1944). Florida Statute § 812.015, however, protects a merchant from civil liability when the merchant has probable cause to believe that the person detained has committed a larceny. Morris v. Albertson's Inc., 705 F.2d 406, 409 (11th Cir. 1983) citing Gatto v. Publix Supermarket, Inc., 387 So.2d 377, 379 n.3 (Fla. Dist. Ct. App. 1980). That statute provides in pertinent part:

> (3)(a) A . . . merchant . . . who has probable cause to believe that a retail theft . . . has been committed by a person and, in the case of retail . . . theft that the property can be recovered by taking the offender into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time. . . . In the event the merchant [or] merchant's employee . . . takes the person into custody, a law enforcement officer shall be called to the scene immediately after the person has been taken into custody.
>
> (b) The activation of an antishoplifting or inventory control device as a result of a person exiting an establishment or a protected area within an establishment shall constitute reasonable cause for the detention of the person so exiting by the owner or operator of the establishment or by an agent or employee of the owner or operator, provided sufficient notice has been posted to advise the patrons that such a device is being utilized. Each such detention

7

shall be made only in a reasonable manner and only for a reasonable period of time sufficient for any inquiry into the circumstances surrounding the activation of the device.

(c) The taking into custody and detention by a . . . merchant [or] merchant's employee . . if done in compliance with all the requirements of this subsection, shall not render such . . . merchant [or] merchant's employee . . . criminally or civilly liable for false arrest, false imprisonment, or unlawful detention.

(5)(a) A merchant [or] merchant's employee . . . who takes a person into custody, as provided in subsection (3) . . . shall not be criminally or civilly liable for false arrest or false imprisonment when the merchant [or] merchant's employee . . . has probable cause to believe that the person committed retail theft . . . .

Fla. Stat. § 812.015.

"Under Florida law, the question of probable cause for an arrest under the shopkeeper immunity statute is a question of law for the court so long as the material facts are undisputed." Morris, 705 F.2d at 409 citing City of Pensacola v. Owens, 369 So. 2d 328, 330 (Fla. 1979); Weissman v. K-Mart, 396 So. 2d 1164 (Fla. Dist. Ct. App. 1981); Rothstein v. Jackson's of Coral Gables, Inc., 133 So. 2d 331 (Fla. Dist. Ct. App. 1961). Here, the facts are undisputed that Plaintiff caused the anti-theft device to sound when she walked towards the door with unpaid merchandise. In order to rely upon the activation of the anti-theft device to establish probable cause, Florida Statute § 812.015(3)(b) requires that the establishment utilizing the device posts "sufficient notice" "to advise the patrons that such a device is being utilized." There is no record evidence demonstrating that Wal-Mart complied with this notice requirement. Thus, there is a genuine issue of material fact whether Wal-Mart had probable cause to detain Plaintiff.[3]

---

[3] Significantly, the Court does not reach this conclusion based on Plaintiff's statement that she did not see a notice. That statement would not serve to contradict affirmative evidence that a notice was indeed posted. At the same time, Defendant's assertion, in its reply memorandum, that "Plaintiff has failed to produce any evidence that sufficient notice was not posted" rests on a flawed understanding of the summary judgment standard. (Reply at 4 n.2.) As

Finally, Defendant raises, for the first time, in a footnote to its reply memorandum, that probable cause existed for Plaintiff's detention based upon the "undisputed facts of this case." (Reply at 4 n.2.) Defendant now claims that, even without the activation of the anti-theft device, Plaintiff's conduct in Wal-Mart would give rise to probable cause. Although the Court could disregard this belated argument, the Court will nonetheless briefly address it. See Rule 7.1(C) of the Southern District of Florida ("reply memorandum shall be strictly limited to rebuttal of matters raised in the memorandum in opposition"); Tallahassee Mem. Regional Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("it is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief") citing United States v. Oakley, 744 F.2d 1553, 1556 (11th Cir. 1984). Simply put, Defendant has provided no record evidence of any store employees witnessing suspicious behavior by Plaintiff that would give rise to a decision by those store employees to detain Plaintiff. Florida cases that have found probable cause to detain based on suspicious actions rested on store employee surveillance. See, e.g., Weissman v K-Mart, 396 So. 2d 1164 (Fla. Dist. Ct. App. 1981) (finding probable cause when customer re-entered store with stapled package and was observed fumbling with the package and then leaving through unauthorized exit); Food Fair Stores v. Kincaid, 335 So. 2d 560 (Fla. Dist. Ct. App. 1976) (probable cause established when customer was seen placing packages of seeds in her pocket and departed store without paying for them); Rothstein v. Jackson's of Coral Gables, Inc., 133 So. 2d 331 (Fla. Dist.

---

the court in Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) stated, the movant has the initial responsibility of showing no genuine issue of material fact exists. Until that initial responsibility is met, the non-moving party has no burden to demonstrate a genuine issue of material fact. Given that Defendant is invoking a bar to civil liability as a defense, it bears the burden to demonstrate that it has complied with Florida Statute § 812.015(3)(b). Plaintiff need only point out that Defendant has failed to meet its burden.

Ct. App. 1961) (probable cause where store employee saw customer place merchandise around waist and then move away from display rack). The lack of this record evidence raises a material fact as to whether Defendant can be shielded from civil liability under Florida Statute § 812.015(3)(a).

Based on the foregoing, Defendant's motion for summary judgment is denied.[4]

### III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment (DE 6) is **DENIED**.

2) Plaintiff's Petition for Remand (DE 12) is **DENIED**.

3) Defendant's Motion to Strike Declaration of Neeta Mahani in Opposition to Wal-Mart's Motion for Summary Judgment (DE 14) is **DENIED AS MOOT**.

4) Defendant's Motion to Strike Amended Affidavit of Neeta Mahani in Opposition to Wal-Mart's Motion for Summary Judgment (DE 17) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of June 2009.

KENNETH A. MARRA
United States District Judge

---

[4] Defendant filed a Motion to Strike Declaration of Plaintiff because it was an unsworn declaration. In response, Plaintiff filed an amended notarized affidavit, which did not supply any new factual statements. Defendant moves to strike that amended affidavit as untimely. Defendant has suffered no prejudice as a result of this amended affidavit. Thus, the Court rejects this request.